**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ZACHARY MONTEZ** | § | |
| *Plaintiff*, | § | CIVIL ACTION |
| | § | |
| vs. | § | 4:26-cv-769 |
| | § | |
| **MOBILE ED PRODUCTIONS, INC. AND** | § | |
| **JEFFREY T. THOMPSON,** | § | |
| *Defendants.* | § | |

**DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants MOBILE ED PRODUCTIONS, INC. AND JEFFREY T. THOMPSON (collectively "Defendants"), file their answer and objections to Plaintiff ZACHARY MONTEZ's Complaint, and, by way of answer, would respectfully show as follows: Defendants object to venue in this District. Defendants have filed a separate Motion to Compel Arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., based on the binding arbitration agreement and forum selection between the parties. Further, Defendant Jeffrey Thompson objects to this Court having personal jurisdiction over him in his individual capacity. Defendants' responses below are made subject to preserving these objections and all rights under the arbitration agreement.

## I. NATURE OF THE SUIT

1. Defendants admit that Plaintiff brings claims under the Fair Labor Standards Act and that Plaintiff contracted with Mobile Ed Productions, Inc. as a traveling school assembly performer, and classified him as an independent contractor, but Defendants deny they failed to pay

Plaintiff in accordance with the Fair Labor Standards Act (the "FLSA") and deny Plaintiff is owed unpaid overtime wages, liquidated damages, or attorney's fees and costs.

2. Defendants deny they failed to pay Plaintiff in accordance with the Fair Labor Standards Act (the "FLSA") and deny Plaintiff is owed unpaid overtime wages, liquidated damages, or attorney's fees and costs.

## II. PARTIES

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 concerning Plaintiff's residence and therefore deny them. Defendants admit that Plaintiff performed services for Mobile Ed during a period that included the dates stated.

4. Defendants admit to the factual allegations in this paragraph.

5. Defendants admit that Jeffrey T. Thompson is the President and registered agent of Mobile Ed Productions, Inc. but deny that this Court has personal jurisdiction over him.

6. Defendants deny the allegations in this paragraph. Plaintiff was an independent contractor not an employee.

7. Defendants deny that Jeffrey T. Thompson is personally liable or acted in his personal capacity as Plaintiff's employer.

8. Defendants deny the factual allegations in this paragraph.

9. Defendants deny the factual allegations in this paragraph, deny that Mr. Thompson was an employer under the FLSA and deny the Defendants are jointly liable for the allegations.

## III. Jurisdiction and Venue

10. Defendants object to the exercise of subject matter jurisdiction by this Court of the claims in this action, which are subject to a valid and enforceable arbitration agreement. Subject to, Defendants admit that Plaintiff purports to assert claims under the FLSA.

11. Defendants deny the allegations in this paragraph. Plaintiff agreed in writing that disputes with Mobile Ed would be resolved through binding arbitration in Redford Township, Michigan. Plaintiff's claim that he "regularly performed" programs in the Sherman Division mischaracterizes the nature and geographic scope of his work. Venue is improper under 28 U.S.C. § 1391.

12. Defendants deny the allegations in this paragraph. Defendants are Michigan residents. In addition, Defendant Thompson objects to and denies this Court has personal jurisdiction over him individually. Further, the operative agreements between the parties designate Michigan as the forum for dispute resolution.

## IV. Coverage Under the FLSA

13. The allegations in this paragraph constitute legal conclusions to which no answer is required. Defendants deny allegations in this paragraph.

14. The allegations in this paragraph constitute legal conclusions to which no answer is required. Further, Defendants deny allegations in this paragraph.

15. The allegations in this paragraph constitute legal conclusions to which no answer is required. Further, Defendants deny allegations in this paragraph.

16. The allegations in this paragraph constitute legal conclusions to which no answer is required. Further, Defendants deny allegations in this paragraph.

17. The allegations in this paragraph constitute legal conclusions to which no answer is required. Further, Defendants deny allegations in this paragraph.

## V. FACTS

18. Defendants deny the allegations in this paragraph.

19. Defendants admit the allegations in this paragraph.

20. Defendants deny the allegations in this paragraph.

21. Defendants deny the allegations in this paragraph.

22. Defendants deny the allegations in this paragraph.

23. Defendants admit the allegations in this paragraph.

24. Defendants deny the allegations in this paragraph.

25. Defendants deny the allegations in this paragraph.

26. Defendants deny the allegations in this paragraph.

27. Defendants deny the allegations in this paragraph.

28. The allegations in this paragraph constitute legal conclusions to which no answer is required.

29. The allegations in this paragraph constitute legal conclusions to which no answer is required.

30. Defendants deny the allegations in this paragraph. Plaintiff agreed to perform services as an independent contractor under terms set forth in a written Independent Contractor Agreement. That agreement provided Plaintiff with substantial autonomy and did not create an employment relationship.

31. Defendants deny the allegations in this paragraph.

32. Defendants deny the allegations in this paragraph. The Independent Contractor Agreement required Plaintiff to deliver programs in accordance with Mobile Ed's educational content and quality standards, as is typical in independent contractor relationships. Plaintiff retained discretion over the manner and style of his presentations.

33. Defendants deny the allegations in this paragraph.

34. Defendants deny the allegations in this paragraph.

35. Defendants deny the allegations in this paragraph.

36. Defendants deny the allegations in this paragraph.

37. Defendants deny the allegations in this paragraph.

38. Defendants deny the allegations in this paragraph. Plaintiff negotiated and agreed to the compensation terms set forth in the Independent Contractor Agreement. Plaintiff had the opportunity to accept or decline the engagement and do other work.

39. Defendants deny the allegations in this paragraph.

40. Defendants deny the allegations in this paragraph.

41. Defendants deny the allegations in this paragraph.

42. Defendants deny the allegations in this paragraph.

43. Defendants deny the allegations in this paragraph.

44. Defendants deny the allegations in this paragraph.

45. Defendants deny the allegations in this paragraph.

46. Defendants deny the allegations in this paragraph.

## VI. CAUSE OF ACTION – UNPAID OVERTIME UNDER THE FLSA

47. Defendants incorporate their denials to this paragraph.

48. Defendants deny the allegations in this paragraph.

49. Defendants deny the allegations in this paragraph.

50. Defendants deny the allegations in this paragraph.

51. Defendants deny the allegations in this paragraph.

52. Defendants deny that Plaintiff is entitled to recover overtime wages, liquidated damages, and attorney's fees and costs.

## VII. JURY DEMAND

53. The allegations contained in paragraph 53 of the Complaint do not require an admission or denial. Defendants deny that Plaintiff is entitled to a jury trial.

## VIII. PRAYER FOR RELIEF

54. These allegations require neither an admission or denial. To the extent it is deemed a response is required, Defendants deny the same.

55. To the extent not specifically admitted or denied above, Defendants deny all other factual allegations contained in the Complaint.

## IX. AFFIRMATIVE DEFENSES

56. By way of further reply, without waiving any of the foregoing, Defendants assert, pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the following affirmative defenses:

57. **Arbitration Agreement**. All claims asserted in this action are subject to a valid and enforceable arbitration agreement. The Independent Contractor Agreement signed by Plaintiff and effective as of August 26, 2024, contains a binding arbitration provision at Section M. This provision requires arbitration of all disputes between the parties, including Plaintiff's claims under the FLSA. The Federal Arbitration Act, 9 U.S.C. § 1 et seq., governs the arbitration agreement and

requires this Court to stay or dismiss this action and compel arbitration. Defendants have filed a separate Motion to Compel Arbitration.

58. **Venue**. The operative agreements governing the parties' relationship designate Michigan as the forum for dispute resolution. Venue in this District is therefore improper, and this action should be dismissed or transferred.

59. **Independent Contractor**. Plaintiff was an independent contractor, not an employee, during the period at issue. The parties executed a written Independent Contractor Agreement that expressly defined the relationship as one of independent contractor. Plaintiff exercised substantial control over the manner and means of his work, including his schedule, work methods, and the operation of the leased vehicle and equipment. Plaintiff had the opportunity to profit or incur loss based on his business decisions. Plaintiff was free to perform other work. Plaintiff does not meet the statutory definition of "employee" under the FLSA, and Defendants therefore owed him no overtime compensation.

60. **Failure to state a claim**. Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff has not and cannot allege facts sufficient to establish that he was an employee within the meaning of the FLSA or that Defendants were his employers.

61. **Good faith.** In addition to, or in the alternative, without waiving any of the foregoing, Defendants acted in good faith and with reasonable grounds for believing that their actions were not a violation of the FLSA and did not willfully violate the FLSA; therefore, liquidated damages should not be awarded as provided in 29 U.S.C. § 260.

62. **Contract.** Defendants assert the affirmative defenses of breach of contract, accord and satisfaction, waiver and estoppel and unclean hands.

63. **Lack of subject matter jurisdiction**. In addition to, or in the alternative, without waiving any of the foregoing, Defendants assert the affirmative defense of lack of subject matter jurisdiction.

64. **Exemptions**. Plaintiff's claims are barred, in whole or in part, under FLSA exemptions.

65. **Statute of Limitations**. In addition to, or in the alternative, without waiving any of the foregoing, Defendants assert any alleged violations of the FLSA were not willful and therefore, any claims for overtime pay that occurred more than two years prior to the date Plaintiff filed his Complaint are barred by the two-year statute of limitations stated in 29 U.S.C. § 255.

66. **Not employer**. In addition to, or in the alternative, by way of further answer, without waiving any of the foregoing, Defendants assert Defendants are not "employers[s]" as defined by the Fair Labor Standards Act at 29 U.S.C. § 201 et seq.

67. **No individual liability**. In addition to, or in the alternative, without waiving any of the foregoing, Defendant Jeffrey T. Thompson is not a proper defendant, did not participate in a sufficient capacity to be personally liable for the claims made in this suit, and is not liable in the capacity in which he was sued.

68. Defendant reserves the right to serve additional affirmative defenses as appropriate.

## PRAYER

Defendants MOBILE ED PRODUCTIONS, INC. AND JEFFREY T. THOMPSON pray that Plaintiff take nothing by reason of his action herein, that Plaintiff be compelled to arbitrate his claims as contractually agreed, and that Defendants recover their costs, including attorney's fees,

and for such other and further relief, general and special, at law or in equity, to which these Defendants may show themselves to be justly entitled.

DATED: September 28, 2026.

Respectfully submitted,

**HOOVER SLOVACEK LLP**

By: *\/s/ Courtney E. Palm*

COURTNEY E. PALM
State Bar No. 24041641
SDOT No. 36917
PAUL A. PILIBOSIAN
State Bar No. 24007846
SDOT No. 24078
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: (713) 977-8686
Facsimile: (713) 977-5395
palm@hooverslovacek.com
pilibosian@hooverslovacek.com

**OF COUNSEL:**

**HOOVER SLOVACEK LLP**
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
(713) 977-8686 Telephone
(713) 977-5395 Facsimile

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2026, a true and correct copy of the foregoing was served via electronic-service to the parties listed below at the email addresses listed.

***Via Electronic-Service***
Douglas B. Welmaker
Welmaker Law, PLLC
505 E. Magrill
Longview, Texas 75601
doug@welmakerlaw.com

*/s/ Courtney E. Palm*
Courtney E. Palm