**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ZACHARY MONTEZ** | § | |
| *Plaintiff*, | § | CIVIL ACTION |
| | § | |
| vs. | § | 4:26-cv-769 |
| | § | |
| **MOBILE ED PRODUCTIONS, INC. AND** | § | |
| **JEFFREY T. THOMPSON,** | § | |
| *Defendants.* | § | |

**MOBILE ED PRODUCTIONS, INC. AND JEFFREY T. THOMPSON'S MOTION TO COMPEL ARBITRATION AND MOTION TO STAY PLAINTIFF'S CLAIMS OR ALTERNATIVELY MOTION TO DISMISS**

Defendants MOBILE ED PRODUCTIONS, INC. ("Mobile Ed") and JEFFREY T. THOMPSON ("Thompson") (collectively, "Defendants") file this Motion to Compel Arbitration subject to Thompson's objection to personal jurisdiction, and Motion to Stay or Alternatively Motion to Dismiss Plaintiff's Claims.

## I. INTRODUCTION

1. Plaintiff, Zachary Montez ("Plaintiff"), agreed in writing that disputes with Mobile Ed would be resolved through binding arbitration in Redford Township, Michigan. He nevertheless filed this action against Mobile Ed and its owner, Thompson, alleging that both Defendants misclassified him as an independent contractor and failed to pay overtime.

2. The addition of Thompson as a defendant does not change the nature of the dispute. Plaintiff alleges no distinct employment relationship with Thompson and no separate conduct giving rise to an independent claim. His sole cause of action treats Mobile Ed and Thompson collectively as his alleged employer and seeks to impose joint and several liability upon them for the same classification and compensation decisions.

3. Plaintiff's FLSA claim falls within the Independent Contractor Agreement's

("Agreement") broad requirement that any dispute between Plaintiff and Mobile Ed be arbitrated. FLSA claims are subject to arbitration. *See Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 298 (5th Cir. 2004). Persuasive appellate authority has also affirmed an order compelling arbitration of an FLSA claim against multiple alleged joint employers where the plaintiff's employment contract containing the arbitration provision was with one of those defendants. *Rodriguez-Depena v. Parts Auth., Inc.*, 877 F.3d 122, 123 (2d Cir. 2017). When a federal action includes an issue referable to arbitration under a written agreement, the Court must, upon application, stay the action pending arbitration, provided the applicant is not in default in proceeding with arbitration. 9 USCS § 3.

4. Defendants therefore request that the Court compel Plaintiff to submit his claims to binding arbitration in accordance with the Agreement and stay this action pending completion of arbitration. Alternatively, Defendants ask the Court to dismiss this action under Rule 12(b)(3).

## II. STATEMENT OF FACTS

5. Mobile Ed is a Michigan corporation with its principal office in Redford, Michigan. Thompson owns Mobile Ed and resides in Michigan.

6. Plaintiff entered into a written Agreement with Mobile Ed. *See* Exhibit A, Independent Contractor Agreement. Under the Agreement, Plaintiff contracted to perform Mobile Ed's educational school assembly programs. *Id*. at 1. The Agreement establishes daily performance fees, requires Plaintiff to submit invoices, and provides for biweekly payment. *Id*. at 1-2. The Agreement contains the following dispute resolution provision:

> M: **DISPUTES:**
> In the event of a dispute between the parties hereto, the parties agree to submit such dispute to binding arbitration in the Township of Redford, Michigan. The aggrieved party shall file a notice to arbitrate with the American Arbitration Association whose rules and procedures shall govern such arbitration. The award of the arbitrator may be entered in any court of competent jurisdiction or enforcement.

*Id.* at 5. The Agreement also provides that the invalidity of one provision will not affect the enforceability of the remaining provisions. *Id.*

7. Plaintiff signed the Agreement and it was effective on August 26, 2024. *Id.* at 6. At the same time Plaintiff signed the Agreement, he also executed the Equipment Lease Agreement and Vehicle Lease Agreement, which contain similar dispute resolution provisions calling for arbitration in Michigan. *See* Ex. B, Equipment Lease Agreement; Ex. C, Vehicle Lease Agreement.

8. On July 1, 2026, Plaintiff filed this action alleging that he worked for Defendants as a traveling school assembly performer, was classified as an independent contractor, received a flat daily rate, and was not paid overtime. His sole cause of action seeks unpaid overtime under the FLSA against both Defendants. Plaintiff alleges that Thompson controlled the terms and conditions of his work and participated in Mobile Ed's classification and overtime decisions. Based on those allegations, Plaintiff seeks to hold Thompson jointly and severally liable with Mobile Ed for the same alleged FLSA violation. Therefore, the alleged dispute falls within the arbitration agreements, and this Court should stay the trial until the parties arbitrate the dispute in accordance with the agreements.

## III. <u>LEGAL STANDARD</u>

9. Section 4 of the Federal Arbitration Act authorizes a party aggrieved by another party's failure, neglect, or refusal to arbitrate under a written agreement to petition a federal district court that would otherwise possess jurisdiction over the controversy. 9 USCS § 4. If the making of the agreement and the failure to comply are not genuinely disputed, the court must direct arbitration in accordance with the agreement. 9 USCS § 4. When a party seeking to compel arbitration proves that the parties contractually agreed to arbitrate and that the claim at issue is arbitrable, a court should compel arbitration. *Dealer Comput. Servs., Inc. v. Old Colony Motors,*

*Inc.*, 588 F.3d 884, 886 (5th Cir. 2009); *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

10. The party seeking arbitration bears the initial burden of showing that an arbitration agreement exists. *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins.*, 921 F.3d 522, 530 (5th Cir. 2019); *Memmer v. United Wholesale Mortg., LLC*, 135 F.4th 398, 404 (6th Cir. 2025). When a federal action presents an issue referable to arbitration under a written agreement, Section 3 of the Federal Arbitration Act requires the court, upon application, to stay the trial until arbitration has occurred in accordance with the agreement, provided the applicant is not in default in proceeding with arbitration. 9 USCS § 3.

## IV. ARGUMENT

### A. The parties entered into an enforceable written arbitration agreement.

11. The Independent Contractor Agreement expressly requires binding arbitration of *any dispute* between Plaintiff and Mobile Ed in Redford Township, Michigan. *See* Ex. A at 5. Plaintiff electronically signed the Agreement and it was effective on August 26, 2024. *Id.* at 6. The Agreement provides that electronic signatures are valid and binding as though the original handwritten signatures appeared on the document. *Id*.

12. The written Agreement and execution records establish the existence of the arbitration agreement. Plaintiff's Complaint does not allege that his signature was forged, that he did not receive the Agreement, or that he did not assent to its arbitration provision. Instead, his claim disputes the classification and compensation practices arising from the relationship governed by that Agreement.

### B. Plaintiff's claim falls within the scope of the arbitration provision.

13. The arbitration provision applies to any dispute between Plaintiff and Mobile Ed. *Id.* at 5. Plaintiff's claim concerns compensation allegedly owed for services performed under the

Agreement. He alleges that Defendants improperly classified him as an independent contractor, controlled his work, and failed to pay overtime. Those allegations arise directly from the contractual relationship and fall within the arbitration agreement. The statutory character of Plaintiff's claim does not remove it from arbitration. Federal appellate authority recognizes that FLSA claims may be resolved through mandatory arbitration. *See Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 298 (5th Cir. 2004); *Floss v. Ryan's Family Steak Houses, Inc.,* 211 F.3d 306, 313–14 (6th Cir. 2000). Accordingly, Plaintiff's FLSA claim against Mobile Ed falls within the Agreement.

**C. Plaintiff's claim against Thompson must be arbitrated with his claim against Mobile Ed.**

14. Plaintiff's allegations against Thompson are inseparable from his allegations against Mobile Ed. Plaintiff alleges that Thompson acted directly and indirectly in Mobile Ed's interest, controlled Plaintiff's work, participated in Mobile Ed's classification and overtime decisions, and is jointly and severally liable with Mobile Ed. Plaintiff asserts only one cause of action, and that claim treats both Defendants collectively as his alleged employer.

15. Plaintiff cannot avoid the arbitration agreement by naming Mobile Ed's owner as an additional defendant while seeking to impose liability upon him for the same conduct covered by the Agreement. The dispute remains whether Plaintiff was properly classified and compensated for services rendered to Mobile Ed under the contractual relationship.

16. In a comparable FLSA action, an appellate court affirmed an order compelling arbitration against three alleged joint employers even though the employment contract containing the arbitration provision was with only one of them. *Rodriguez-Depena v. Parts Auth., Inc.*, 877 F.3d 122, 123 (2d Cir. 2017). Here, as there, Plaintiff alleges that Mobile Ed and Thompson jointly controlled the same working relationship and are liable for the same failure to pay overtime.

17. Requiring Plaintiff to arbitrate against Mobile Ed while litigating the identical claim against Mobile Ed's owner would separate a single alleged employment relationship and a single asserted injury into duplicative proceedings. Because Plaintiff's allegations against Thompson depend entirely upon Thompson's ownership and control of Mobile Ed and his conduct on Mobile Ed's behalf, Plaintiff should be required to arbitrate his claim against Thompson together with his claim against Mobile Ed.

**D. Plaintiff has refused to arbitrate.**

18. Rather than submit an arbitration demand under the Agreements, Plaintiff filed this federal action and demanded a jury trial. He seeks judicial adjudication of the same classification and compensation dispute that the Agreement assigns to binding arbitration. His filing and continued prosecution of this action establish his refusal to arbitrate the dispute.

**E. The Court should stay the entire action pending arbitration.**

19. Section 3 of the Federal Arbitration Act requires a federal court to stay an action involving an issue referable to arbitration once the court is satisfied that the issue falls within a written arbitration agreement and the applicant is not in default in proceeding with arbitration. 9 USCS § 3. Plaintiff's claim against Mobile Ed falls within the written arbitration provision, and both Defendants affirmatively seek enforcement of that provision.

20. Defendants request an order compelling Plaintiff to arbitrate his claims in accordance with the Agreement. 9 USCS § 4. "We find, rather, that, where the party seeking to avoid arbitration brings a suit … in a district other than that in which arbitration is to take place under the contract, the party seeking arbitration may assert its Section 4 right to have the arbitration agreement performed in accordance with the terms of the agreement." *Dupuy-Busching Gen. Agency, Inc. v. Ambassador Ins. Co.*, 524 F.2d 1275, 1278 (5th Cir. 1975). The Court should stay

the entire action under Section 3 so the parties may complete arbitration in the contractually selected forum. 9 USCS § 3

**F. Alternatively, the Court should dismiss the case.**

21. A defendant may seek dismissal for improper venue under Rule 12(b)(3). The Court should dismiss the action or transfer it to the Eastern District of Michigan. When an action is filed in the wrong district, the Court may dismiss it or transfer it in the interest of justice to a district where it could have been brought. 28 USCS § 1406. This action could have been brought in the Eastern District of Michigan. Mobile Ed is a Michigan corporation with its principal office in Redford, and Thompson's listed office and service address is there. The Agreement governing the relationship identifies the same Redford office, applies Michigan law, and requires arbitration in Redford.

22. Dismissal is proper under Rule 12(b)(3) when a plaintiff's claims are subject to arbitration. *See Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 Fed.Appx. 617, 627 (5th Cir. 2015) (affirming dismissal of a securities fraud claim "on the alternative ground that [defendant] would have been entitled to prevail on a Rule 12(b)(1) or 12(b)(3) motion to dismiss the case because the dispute is covered by the arbitration clause"). Therefore, the Court should dismiss Plaintiff's case so the parties can arbitrate in the proper venue and forum.

## V. CONCLUSION

Defendants respectfully ask this Court to compel Plaintiff to submit his claims to binding arbitration in accordance with the Independent Contractor Agreement and stay the case pending arbitration or alternatively dismiss Plaintiff's claims. Defendants also pray for such other and further relief to which they may be entitled.

Respectfully submitted,

**HOOVER SLOVACEK LLP**

By: *<u>/s/ Courtney E. Palm</u>*

COURTNEY E. PALM
State Bar No. 24041641
SDOT No. 36917
PAUL A. PILIBOSIAN
State Bar No. 24007846
SDOT No. 24078
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: (713) 977-8686
Facsimile: (713) 977-5395
palm@hooverslovacek.com
pilibosian@hooverslovacek.com

**CERTIFICATE OF CONFERENCE**

On the 11th day of September, Defendants' firm contacted Plaintiff's counsel concerning this motion and the arbitration agreement. The Plaintiff stated through his counsel that he was not in agreement to arbitrate thus necessitating this motion.

*/s/ Courtney E. Palm*
Courtney E. Palm

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2026, a true and correct copy of the foregoing was served via electronic-service to the parties listed below at the email addresses listed.

***Via Electronic-Service***
Douglas B. Welmaker
Welmaker Law, PLLC
505 E. Magrill
Longview, Texas 75601
doug@welmakerlaw.com

*/s/ Courtney E. Palm*
Courtney E. Palm