**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ZACHARY MONTEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:26-cv-769-JDK** |
| | § | |
| **MOBILE ED PRODUCTIONS, INC.** | § | |
| **and** | § | |
| **JEFFREY T. THOMPSON** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**

This is a lawsuit for unpaid overtime under the Fair Labor Standards Act. Plaintiff Zachary Montez worked as a traveling school-assembly performer for Defendant Mobile Ed Productions, Inc. ("Mobile Ed"), and he alleges that Mobile Ed and its president, Defendant Jeffrey T. Thompson, did not pay him overtime for the weeks he worked more than forty hours. Dkt. 1 ¶¶ 1, 5, 43. Defendants move to compel arbitration under the Independent Contractor Agreement Montez signed with Mobile Ed (the "Agreement") and ask the Court to stay this action pending arbitration. Dkt. 5 ¶¶ 4, 19-20. In the alternative, they ask the Court to dismiss the action under Rule 12(b)(3) or to transfer it to the Eastern District of Michigan under 28 U.S.C. § 1406. Dkt. 5 ¶¶ 21-22. Montez agrees to arbitrate his claims against both Defendants and agrees that the Court should stay this action pending arbitration. He opposes only the alternative requests to dismiss or transfer.

## I. MONTEZ AGREES TO ARBITRATION AND TO A STAY OF THIS ACTION

Defendants ask the Court to stay this action pending arbitration. Dkt. 5 ¶¶ 4, 19-20. Section 3 of the Federal Arbitration Act provides that the court "shall on application of one of

the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, §3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). A court that stays claims under Section 3 keeps its jurisdiction over them and may confirm or vacate the resulting arbitral award. *Jules v. Andre Balazs Props.*, 608 U.S. 200, 209-13, 218 (2026).

When Defendants' counsel contacted Montez's counsel about this motion on September 11, Montez did not agree to arbitrate. Dkt. 5 at 9. He now agrees to arbitrate his claims against both Defendants. Montez does not oppose an order compelling him to arbitrate his claims against Mobile Ed and Thompson in accordance with the Agreement, and he asks the Court to stay this action in its entirety pending that arbitration, retain jurisdiction over the stayed claims, and direct the parties to file a joint status report within fourteen days after the arbitration ends.

## II. THE COURT SHOULD DENY THE ALTERNATIVE REQUESTS TO DISMISS OR TRANSFER

Defendants argue that "[d]ismissal is proper under Rule 12(b)(3) when a plaintiff's claims are subject to arbitration." Dkt. 5 ¶ 22. When a court finds that a dispute is subject to arbitration and a party has requested a stay, the court "does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." *Spizzirri*, 601 U.S. at 475-76. Montez agrees that his claims are subject to arbitration, and Defendants requested a stay, so the Court may not dismiss this action on that basis.

Defendants also ask the Court to transfer this action to the Eastern District of Michigan. Dkt. 5 ¶ 21. They point out that Mobile Ed's principal office and Thompson's listed office are in Redford, Michigan, that the Agreement applies Michigan law, and that it "requires arbitration in Redford." *Id.* Section 1406(a) and Rule 12(b)(3) allow dismissal or transfer only when venue is

"wrong" or "improper," and that question "depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atlantic Marine Construction Co. v. U.S. District Court*, 571 U.S. 49, 55 (2013). Whether the parties signed a contract with a forum-selection clause "has no bearing" on that question. *Id.* at 56. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Montez regularly performed Defendants' assembly programs at schools in the counties that make up the Sherman Division, including Collin and Denton Counties. Dkt. 1 ¶ 11.

The Agreement provides that "[t]he aggrieved party shall file a notice to arbitrate with the American Arbitration Association." Dkt. 5-1 at 5. Montez agrees to arbitrate, and he will file that notice. Section 3 then requires the Court to stay this action "until such arbitration has been had in accordance with the terms of the agreement," and it does not state where the arbitration must take place. 9 U.S.C. § 3. The location requirement in the Federal Arbitration Act appears in Section 4, which governs a petition for an order directing arbitration and provides that "[t]he hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed." 9 U.S.C. § 4. Because Montez agrees to arbitrate, the Court does not need to enter an order directing arbitration or to transfer this action, and the location requirement in Section 4 does not apply.

If the Court decides to enter an order directing arbitration, it may do so without a transfer. In support of their request to compel arbitration, Defendants rely on *Dupuy-Busching General Agency, Inc. v. Ambassador Insurance Co.*, 524 F.2d 1275 (5th Cir. 1975). Dkt. 5 ¶ 20. In that case, the party resisting arbitration sued to enjoin it in a district other than the one where the contract required arbitration, and the Fifth Circuit held that the party seeking arbitration could ask that court for an order directing arbitration "in accordance with the terms of the agreement."

*Dupuy-Busching*, 524 F.2d at 1278. Montez likewise filed this action in a district other than the one the Agreement names for arbitration. Whether Montez files the notice or the Court directs arbitration, the arbitration takes place in Redford under the Agreement, and this action remains stayed in this Court until the arbitration ends.

## III. CONCLUSION

For the foregoing reasons, Montez respectfully requests that the Court grant Defendants' Motion to Stay, stay this action in its entirety under 9 U.S.C. § 3 pending arbitration of Montez's claims against both Defendants in accordance with the Agreement, deny Defendants' Motion to Compel Arbitration as moot in light of Montez's agreement to arbitrate or, if the Court enters an order directing arbitration, direct arbitration in accordance with the Agreement, retain jurisdiction over the stayed claims, direct the parties to file a joint status report within fourteen days after the arbitration ends, and deny Defendants' alternative requests to dismiss or transfer.

Respectfully Submitted,

WELMAKER LAW, PLLC
505 E. Magrill
Longview, Texas 75601
Tel: (512) 799-2048

By: */s/ Douglas B. Welmaker*
Douglas B. Welmaker
Texas State Bar No. 00788641
doug@welmakerlaw.com
Attorney-in-Charge

**ATTORNEY FOR PLAINTIFF**
**ZACHARY MONTEZ**

**CERTIFICATE OF SERVICE**

On October 13, 2026, I served the foregoing document on all counsel of record via the Court's CM/ECF system and/or via email and certified U.S. Mail in accordance with the Federal Rules of Civil Procedure.

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker